# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JIM and BECKY McGAFFIN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C4616-104 |
| CEMENTOS ARGOS S.A., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendants in this class action move to dismiss and to stay discovery. Docs. 28 & 30. The district judge will decide the dismissal motion, while the stay motion will be resolved here.

## I. Background

Plaintiff homeowners purchased homes in Chatham County, Georgia, from homebuilders Beazer Homes and D.R. Horton. Doc. 23 (Amended Complaint), ¶¶ 4-6. Defendants Cementos Argos, S.A., *et al.*, "designed, formulated, manufactures, mixed, blended and supplied the concrete" that the homebuilders used "in discrete structures in and around Plaintiffs' residential properties and dwellings, including in foundations, slabs . . . , footings, garages, driveways, walkways and

patios." *Id.* ¶¶ 3 & 14.

Plaintiffs contend that defendants breached their "duty to design and manufacture a properly portioned concrete mixture" by supplying concrete that contained "an excessive percentage of fly ash," a material mixed with cement to form concrete. *Id.* ¶¶ 17-21, 28, 44. The mixture allegedly caused the concrete to crumble and disintegrate, in turn creating a "fine silicate dust" that has since settled on plaintiffs' personal property and continues to pose a threat to their respiratory health. *Id.* ¶¶ 25, 29-39, 58.

Defendants defend on the ground that they were never in contractual privity with the plaintiffs. Docs. 28 & 30. They thus want a discovery stay until the district judge rules on their dismissal motion. Plaintiffs oppose. Docs. 37 & 39.

## II. Analysis

In essence, the Argos defendants contend that (a) plaintiffs can't sue them due to lack of privity; and (b) in any event Georgia's economic loss rule bars their tort claims. Doc. 30 at 2. Plaintiffs respond that "their negligence, fraud and class claims are supported by sufficient facts" to meet the pleading standard required to defeat a motion to dismiss, so they

2

want discovery to proceed. Doc. 39.

To that end, plaintiffs cite their Amended Complaint to demonstrate that their "homes, other property, and health have been damaged by the Argos Defendants' concrete, rendering the economic loss doctrine inapplicable" to their claims. Doc. 39 at 2. Counts I-III are various types of negligence claims: negligent design and manufacture, negligent failure to warn, and negligent remediation. Count VI alleges concealment/suppression. All are tort claims, and it is undisputed that all may fall under the economic loss rule. *See* docs. 28, 37.

Plaintiffs contend, however, that their claims fall outside the economic loss rule because "[t]here is no contract between Plaintiffs and the Argos Defendants, and Plaintiffs are consumers whose largest investments -- their homes -- are contaminated with defective Argos cement." Doc. 37 at 15.

The "economic loss rule" prohibits tort recovery when a defective product results in damage only to itself, causing economic loss but no attendant injury to persons or other property. *See, e.g., East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986); *Gen. Elec. Co. v. Lowe's Home Ctrs., Inc.*, 279 Ga. 77, 78 (2005) (the rule

3

"generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort"); *Vulcan Materials Co., Inc. v. Driltech, Inc.*, 251 Ga. 383, 384 (1983).

> In other words, economic losses are "disappointed economic expectations," which are protected by contract law, rather than tort law. This is the basic difference between contract law, which protects expectations, and tort law, which is determined by the duty owed to an injured party. For recovery in tort "there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects."

*Casa Clara Condo. Ass'n, Inc., et al. v. Charley Toppino and Sons., Inc., et al.*, 620 So.2d 1244, 1246 (Fla. 1993) (internal citations omitted); *see Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 740 (11th Cir. 1995) (citing with approval *Casa Clara*'s exclusion of the purchase of houses from the economic loss rule).

In *Casa Clara*, homeowners sued numerous defendants and included claims against a concrete supplier for breach of common law implied warranty, products liability, negligence, and violation of the building code. The Florida Supreme Court held that because the allegedly defective concrete at issue was an "integral part" of the finished homes, it could not be brought outside the economic loss rule. In other words, the deterioration of the concrete damaged only *itself*, not any *other*

4

property, and therefore could not be a tortious injury to the homeowners' property. *Id.* at 1247.[1]

As explained in *Casa Clara*,

> We are urged to make an exception to the economic loss doctrine for homeowners. Buying a house is the largest investment many consumers ever make, and homeowners are an appealing, sympathetic class. If a house causes economic disappointment by not meeting a purchaser's expectations, the resulting failure to receive the benefit of the bargain is a core concern of contract, not tort, law. *East River*, 476 U.S. at 870. There are protections for homebuyers, however, such as statutory warranties, the general warranty of habitability, and the duty of sellers to disclose defects, as well as the ability of purchasers to inspect houses for defects. Coupled with homebuyers' power to bargain over price, these protections must be viewed as sufficient when compared with the mischief that could be caused by allowing tort recovery for purely economic losses. Therefore, we again "hold contract principles more appropriate than tort principles for recovering economic loss without an accompanying physical injury or property damage." If we held otherwise, "contract law would drown in a sea of tort." *East River*, 476 U.S. at 866. We refuse to hold that homeowners are not subject to the economic loss rule.

---

[1] "Generally, house buyers have little or no interest in how or where the individual components of a house are obtained. They are content to let the builder produce the finished product, *i.e.*, a house. These homeowners bought finished products -- dwellings -- not the individual components of those dwellings. They bargained for the finished products, not their various components. The concrete became an integral part of the finished product and, thus, did not injure 'other' property.

*Casa Clara*, 620 So.2d at 1247. *See also In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 680 F. Supp. 2d 780, 791 (E.D. La. 2010) ("in order to determine the 'product' . . . , one must look to the product purchased by the plaintiff, not the product sold by the defendant. . . . when homeowners purchase finished homes, and not the individual components of those homes, the finished homes constitute the 'product.'").

*Casa Clara*, 620 So.2d at 1247 (internal citations and footnotes omitted). Georgia law has an even more expansive reading of the economic loss rule than that applied in *Casa Clara* -- applying it to *all* tort claims. *See Gen. Elec.*, 279 Ga. at 78.

Here, plaintiffs seek damages to the value of their property, namely the house and its component parts including the HVAC system, caused by the allegedly defective concrete. This case presents identical claims to those of *Casa Clara* -- meaning, those claims are almost certainly barred by the economic loss rule.[2] Their other allegations of damage to *other* property seems to be limited to purchasing vacuuming supplies and repeatedly cleaning their furniture and appliances, which is not exactly property damage. *See* Am. Comp. at 2, 12-13, 15, and 40. And their allegations of damage to their persons are limited to a conclusory charge

---

[2] Plaintiffs contend they fall under the "misrepresentation exception" to the economic loss rule by virtue of their concealment/suppression claim. Doc. 37 at 20. As they note, however, fraudulent concealment requires both pleading and proving that they justifiably relied on the alleged concealment. *Id.* at 12 (citing *McLendon v. Georgia Kaolin Co.*, 837 F. Supp. 1231, 1239 (M.D. Ga. 1993). Plaintiffs' *conclusion* -- that they "justifiably relied on Argo's concealment/suppression of the dangers of Argo's defective concrete mix and have allowed it to remain, untreated, beneath the floors of their dwellings" -- is unsupported by *factual allegations*. *See* Am. Compl., ¶ 88. Further, plaintiffs seem to admit that they lack a concealment/suppression claim against defendants, noting in a footnote that they themselves "may not have relied on the suppression of the alteration of the Argos Defendants' residential concrete design at the time that the alteration decision was originally made, [but] their builders and others did so rely." Doc. 37 at 13 n. 9. They establish no legal authority to impute their builder's reliance to them.

6

of "personal injuries," including some undefined type of respiratory distress. *Id.* at 12 (noting that the silicate dust poses a "risk of silicosis, lung cancer, other nonmalignant respiratory disease, [and] renal and autoimmune problems" and that plaintiffs "have experienced increased respiratory issues since moving into the dwellings"). If the district judge considers the allegations of *other* property damage and personal injury to pass muster at this pleading stage, they may well be the *only* claims that will proceed, and even then only with amendment, *see, e.g., In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, 22 F. Supp. 3d 1322, 1327 (N.D. Ga. 2014) (general allegations of damage to "other property" is too ambiguous to survive preclusion by the economic loss rule), meaning that the scope of potential discovery may be *significantly* narrowed.

There is also a possibility that the district judge may find the reasoning of *Casa Clara* entirely inapplicable to the facts at hand, and allow plaintiffs' claims to go forward. *See In re Chinese Manufactured Drywall*, 680 F. Supp. 2d 780, 793-94 (because plaintiffs sufficiently alleged "more than disappointed economic expectations," the economic loss rule could no longer be applied to preclude their negligence claims). Given the current factual allegations of the Complaint, however, this

possibility is unlikely.³ A stay of discovery is therefore warranted. *See* Fed. R. Civ. P. 26(c).

## III. CONCLUSION

The Court **GRANTS** defendants' motion to stay pending disposition of the defendants' dismissal motion. Doc. 30.

**SO ORDERED**, this __20th__ day of October, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

³ "When a party seeks a stay pending resolution of a motion to dismiss, a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." *Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016) (quotes and cites omitted).

8