IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JIM and BECKY McGAFFIN,<br>RACHALE and NATHAN LaVOIE, and<br>DANIEL and STEFANIE NUNN,<br><br>    Plaintiffs,<br><br>v.<br><br>CEMENTOS ARGOS S.A.,<br>ARGOS USA CORP,<br>ARGOS CEMENT, LLC, and<br>ARGOS READY MIX LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION FILE
NO. 4:16-cv-00104-LGW-GRS

## STIPULATED PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.2, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79.7 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. **DEFINITIONS**

2.1     Challenging Party:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:   information (regardless of how it is generated, stored or maintained) or tangible things that constitute a trade secret or other confidential research, development, or commercial information pursuant to Federal Rule of Civil Procedure 26(c)(1)(G).

2.3     Counsel (without qualifier):   Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items:   extremely sensitive "CONFIDENTIAL Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.8     House Counsel:   attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:   any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:   attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.15    Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies in accordance with Federal Rule of Civil Procedure 26(c)(1)(G). The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify in accordance with Federal Rule of Civil Procedure 26(c)(1)(G)–so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."    After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial proceedings, each Party shall have twenty-one (21) days after receipt of the final transcript from the court reporter to identify the specific portions of the testimony and exhibits as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") in written correspondence to counsel for other parties that attended the deposition and to the court reporter.  Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Stipulated Protective Order.  Until the expiration of the twenty-one (21) days after receipt of the transcript or upon the designation or notice that no designation will be made, whichever comes first, the testimony shall be maintained as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," subject to the exceptions in Section 7.3.  Transcript pages containing Protected Material will have marked at the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Party or non-Party offering or sponsoring the witness or presenting the testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.    A party may challenge a confidentiality designation under this Order, per the procedures outlined in Section 6 below.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and briefly describing the basis for each challenge so that the Designating Party understands what is being challenged and why. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Designating Party

must be given a reasonable opportunity to review the designated material and to reconsider the circumstances of the designation. Within 21 days of receipt of the Challenging Party's written notice, the Designating Party will respond in writing to the written notice. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.   A Party that elects to challenge a confidentiality designation by the Designating Party may file and serve a motion with the Court after the process described in Section 6.2 is completed. The burden of proving the appropriateness of the designation rests with the party who has made the designation. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. No Protected Material obtained, received, disclosed, or produced by another Party or a non-Party shall be used in any other litigation other than this case.

8

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, mediators, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) the Parties to this action.

7.3    Disclosure  of  "HIGHLY  CONFIDENTIAL-ATTORNEYS'  EYES  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating  Party,  a  Receiving  Party  may  disclose  any  information  or  item  designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  In-House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making  involving  the  subject  matter  of  this  action,  and  (2)  to  whom  disclosure  is reasonably necessary for this litigation;

(c)  Experts  (as  defined  in  this  Order)  of  the  Receiving  Party  to  whom  disclosure  is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, mediators, professional jury or trial consultants, mock jurors, and professional vendors  to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during the preparation for and conduct of their depositions, to witnesses in the action to whom  disclosure  is  reasonably  necessary  and  who  have  signed  the  "Acknowledgment  and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Such witnesses shall not take a copy of the Exhibits with them, and the witness shall not retain the "Highly Confidential" information or portion of the transcript. Moreover, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) the Parties to this action.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**
If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Receiving Party must:

(a) promptly notify in writing (by fax or email, if possible) the Designating Party no more than seven (7) court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **CONFIDENTIAL INFORMATION PRODUCED BY THIRD PARTIES**

A party in this Action may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to This Action that constitutes or meets the definition of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY as defined in Sections 2.2 and 2.7 of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential. Any party designating the third party information as Confidential Information shall have the same rights, duties, and obligations, as a Designating Party under this Protective Order.

10.   **PRODUCTION BY A PARTY OF A NON-PARTY'S PROTECTED MATERIAL**

In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to a contractual obligation with the non-party not to produce the non-party's confidential information, then the Party shall meet and confer with the Requesting Party prior to any production in an attempt to resolve the issue. If the issue cannot be resolved, then either party may seek court intervention to resolve the dispute.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 13.   FILING UNDER SEAL

13.1.   Where a Party Files Documents and Contends the Documents Should be Kept Sealed.  Where a party intends to file documents that contain Confidential Information with the Court, said party must contemporaneously file a motion for an order sealing the documents

consistent with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Georgia. A copy of this motion must be served on all parties that have appeared in this case.

13.2.    Where a Party Files Documents Claimed as Confidential by Another Party. A party that files or intends to file with the Court Confidential Information produced by another party but does not intend to request to have the records sealed, must do the following:

(a)    Deliver such records to the Clerk of the Court in a sealed envelope clearly marked as "CONFIDENTIAL – TO BE FILED UNDER SEAL";

(b)    File redacted copies of the documents (if appropriate) so that they do not disclose the contents of the records that are subject to the confidentiality agreement or protective order;

(c)    Serve a copy of the motion on all parties that have appeared in the case; and

(d)    Give written notice to the party that produced the documents that the documents will be placed in the public court file unless the party files a timely motion to seal records.

If the party that produced the Confidential Information and was served with the above-mentioned notice fails to file a motion to seal the records within fifteen (15) days of receipt of the notice referenced in subsection 13.2(c) or to obtain a court order extending the time to file such motion, the clerk must promptly remove all the documents filed under seal pursuant to this provision from the envelope or container where they are located and place them in the public file. If the party files a motion or an application to seal within fifteen (15) days of receipt of the notice referenced in subsection 13.2(c) or such later time as the Court has ordered, these documents are to remain conditionally under seal until the Court rules on the motion or application and thereafter are to be filed as ordered by the Court.

14

This Section shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. The Producing Party reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

## 14.   **MISCELLANEOUS**

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Publicly Available Information.   The restrictions and obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, and through no inadvertence on the part of the Producing Party, generally available to the public through publication or otherwise. This provision does not apply to documents produced by third parties within the 30 day designation period as discussed in Section 9.

## 15.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries and any other format reproducing or capturing any of the information that has been specifically designated as Confidential or Highly Confidential. However, abstracts, compilations,

or summaries that only generally refer to documents or information that has been designated as Confidential or Highly Confidential is not subject to this Section 15. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the information that has been specifically designated as Confidential or Highly Confidential. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16. **NO CONTRACT**

This Stipulated Protective Order is not a contract or agreement between the Parties, and creates no private rights of any sort or character in any person. It is an Order of the Court that can be amended or altered at any time by the Court. Nothing in this Order shall limit the right of a party to seek additional or other limitations on information disclosed during the course of this litigation which the Court could otherwise order for good cause shown. Nothing in this Order shall limit the right of any party to seek modification of this Order at a future date. Nothing in this Order modifies or excuses compliance with existing obligations concerning the safeguarding and disclosure of Confidential Information outside of this litigation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:        March 28, 2017              /s/ Kimberly J. Johnson
                                          Kimberly J. Johnson
                                          Counsel for Plaintiffs


Dated:        March 28, 2017              /s/ R. Trent Taylor
                                          R. Trent Taylor
                                          Counsel for Defendants



PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:   4-3-17

                                          ~~DISTRICT~~ JUDGE
                                          UNITED STATES DISTRICT COURT
                                          FOR THE SOUTHERN DISTRICT OF
                                          GEORGIA

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Georgia on _____[date] in the case of *McGaffin v. Cementos Argos S.A.*, Case No. 4:16-cv-00104-LGW-GRS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Georgia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____