# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JIM and BECKY McGAFFIN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C4616-104 |
| CEMENTOS ARGOS S.A., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Non-party Christopher Young seeks to quash defendants' subpoena in this action, arguing that it is overbroad, seeks privileged materials, and requires him to independently review the Complaint and make a "determination as to what constitutes evidence responsive to the allegations of the Complaint." Doc. 56 at 2. Defendants respond that Young failed to contact them prior to filing the motion to quash, a conference that could have "perhaps short-circuit[ed] the need to even file a motion." Doc. 57 at 1. The Court agrees. Young's "motion packs a lengthy list of subpoena requests with routine objections [(*i.e.,* "overly broad, unduly burdensome, and not limited in temporal scope," privileged, etc., *see, e.g.,* doc. 56 at 3)] that *should* have been resolved

through a meaningful conference." *Conway v. H&R Block Eastern Enterp., Inc.*, 2017 WL 2120074 at *3 (S.D. Ga. May 15, 2017).

It is clear from their papers that the parties have not met and conferred -- much less *meaningfully* so -- to narrow the scope of their dispute before seeking court intervention.[1]  *C.f.* S.D. Ga. Loc. R. 26.5(c) ("Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."). They must do so, and return to this Court only with narrowed, specific, and supported objections to defendant's subpoena. Put another way, they shall in good faith (at least by phone if not in person) attempt to resolve movant's objections without further Court involvement. Fees will be assessed for any bad faith shown.[2]

---

[1] Requiring meaningful consultation can lead to informal resolution and thus conservation of court resources. *Avera v. United Airlines, Inc.*, 465 F. App'x 855, 858-59 (11th Cir. 2012) (magistrate judge did not abuse his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271, at *8 (E.D. Mo. Apr. 13, 2012) (rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

[2] The parties are reminded that

> The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and includes discovery regarding any matter, not privileged, which is relevant to the claims

Accordingly, Young's motion to quash the subpoena (doc. 56) is **DENIED** without prejudice.

---

> or defense of any party involved in the pending action. Those resisting discovery must show specifically how the objected-to request is unreasonable or otherwise unduly burdensome.
>
> *Claims and defenses* determine discovery's scope. Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence.

*Daniel Def., Inc. v. Remington Arms Co., LLC*, 2015 WL 6142883 at * 2 (S.D. Ga. Oct. 19, 2015) (cites and quotes omitted).

"The standard for what constitutes relevant evidence is a low one." *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002); *McCleod v. Nat'l R.R. Passenger Corp.*, 2014 WL 1616414 at * 3 (S.D. Ga. Apr. 22, 2014) ("Rule 26, quite simply, sets forth a *very* low threshold for relevancy, and thus, the court is inclined to err in favor of discovery rather than against it."). The recent changes to the Federal Rules of Civil Procedure (in particular, Rule 26), although substantive and substantial, do not change the *definition* of relevance. Instead, they reemphasize and highlight requirements already present in the Rules, like proportionality. *See* Fed. R. Civ. P. 26, advisory committee note (2015) ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality. . . ."); *Sibley v. Choice Hotels Int'l*, 2015 WL 9413101 at * 2 (E.D.N.Y. Dec. 22, 2015) ("While proportionality factors have now been incorporated into the Rule 26(b)(1) definition, those factors were already a part of Federal discovery standards, appearing in Rule 26(b)(2)(C)(iii)").

Here, Young is a former employee of defendants who filed a Department of Labor Occupational Safety and Health Administration complaint a month after being terminated. Doc. 57 at 2. During the course of litigation, plaintiffs' counsel indicated that they "have knowledge of non-privileged documents that were forwarded to Argos' in-house counsel that are relevant to [their] claims" and indicated familiarity with both Young's "position and responsibilities with Argos" and his possession of documents relevant to proving their case. *Id.* at 3. Plaintiffs notified defendants that they are deposing Young (and seek *no* documents to be produced at that deposition), and so defendants quite reasonably subpoenaed certain documents they believe may help them prepare for that deposition. *Id.* Whether those requests are indeed "overly broad, unduly burdensome, and not limited in temporal scope," doc. 56 at 3, is a matter for counsel to discuss without Court involvement and prior to the taking of his deposition.

**SO ORDERED,** this  17th  day of August, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA