**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| BECKY MCGAFFIN; JIM MCGAFFIN; NATHAN LAVOIE; DANIEL NUNN; and STEFANIE NUNN, <br><br> Plaintiffs, <br><br> v. <br><br> ARGOS USA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 4:16-cv-104 |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING
SETTLEMENT CLASS**

Plaintiffs have moved the Court for preliminary approval of a proposed settlement of this action (the "Settlement") as set forth in the Settlement Agreement entered by the parties on March 5, 2020 (the "Settlement Agreement"), a copy of which is on file with the Court.

Pursuant to Fed. R. Civ. P. 23(e), the Court has reviewed the Settlement Agreement and other materials submitted by the parties and has concluded that preliminary approval of the Settlement is warranted and appropriate. Accordingly, the Court **GRANTS** the Parties' Consent Motion, (doc. 197), and **HEREBY ORDERS**:

**A. Class Certification**

1. Pursuant to Fed. R. Civ. P. 23(e), the Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following Settlement Class under Fed. R. Civ. P. 23:

All Owner(s) of ascertainable Affected Property (any Residential Property in the State of Georgia or the State of South Carolina with 868 concrete as Flatwork thereon) on March 5, 2020

with at least one yard of Eligible Concrete (the amount of 868 concrete delivered to an Affected Property (expressed in cubic yards) as shown on Argos Delivery Tickets and public records produced during the Litigation, minus any Ineligible Concrete). Excluded from the Class are:

- Owners of an Affected Property which property has been the subject of a settlement agreement with Argos as to 868 concrete;
- Owners of an Affected Property where 868 was poured only for Footers, or all 868 concrete has been Removed and Replaced from the property by Argos and/or at Argos' expense;
- Owners of an Affected Property who are Argos employees, the spouse of an Argos employee, or child of an Argos employee;
- Owners of an Affected Property who are judicial officers serving on the U.S. District Court for the Southern District of Georgia or on the U.S. Court of Appeals for the Eleventh Circuit; or
- Commercial properties where 868 concrete was poured.

2. The Court preliminarily finds for settlement purposes only that: (a) the members of this Settlement Class are so numerous that joinder of all of them in the action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the named Plaintiffs Jim and Becky McGaffin and Daniel and Stefanie Nunn are typical of the claims of the Settlement Class Members; (d) common questions of law and fact exist and predominate over questions affecting only individual Settlement Class Members; and (e) the named Plaintiffs and their counsel will fairly and adequately represent and protect the interests of all the Settlement Class Members.

3. The Court designates Jim McGaffin, Becky McGaffin, Daniel Nunn and Stefanie Nunn as representatives of the Settlement Class, and it designates the following attorneys as counsel for the Settlement Class ("Class Counsel"): Wade H. Tomlinson, Michael J. Moore, R. Timothy Morrison, Jay F. Hirsch, Kimberly J. Johnson, and Courtney L. Mohammadi and the firm of Pope, McGlamry, P.C., 1200 6th Avenue, P.O. Box 2128, Columbus, Georgia 31901; and Raymond L. Moss and the firm of Moss & Gilmore, LLP. The Court designates Rust Consulting as the Claims Administrator.

4. The Court certifies this Settlement Class for purposes of providing notice of this Settlement and effectuating the Settlement only. If the Court ultimately does not approve the Settlement, then this preliminary class certification will be vacated without prejudice.

**B.    Preliminary Approval of Settlement**

5. The Court preliminarily approves the Settlement as being fair, adequate and reasonable as to the Settlement Class Members, subject to further consideration at a final hearing (the "Fairness Hearing") to be held before this Court at **1:30 p.m. on Thursday, June 25, 2020**, at the United States District Court, Southern District of Georgia, First Floor Courtroom, 125 Bull Street, Savannah, Georgia. At the Fairness Hearing, the Court shall conduct an evidentiary hearing and determine: (i) whether the proposed Settlement of this action on the terms and conditions of the Settlement Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved by the Court; (ii) whether the Court shall enter a Final Order and Judgment governing the procedure and dismissal with prejudice as agreed upon by the parties; (iii) whether the Class Counsel should be awarded attorneys' fees, litigation costs and expenses and the amount thereof; and (iv) whether the Plaintiffs should be awarded any Incentive Awards and the amounts thereof.

6. The Court approves, as to form and content, the proposed mailing Notice that is provided to the Court in connection with Plaintiffs' Motion for Preliminary Approval, which should be mailed no later than 30 days after the entry of this Order preliminarily approving the Settlement, and the Reminder Notice proposed to be mailed 15 days prior to the date on which opt-outs, objections and Proof of Ownership Forms must be mailed. The Court finds that this program of individual mailed notice, supplemented by the Internet posting proposed by the parties, meets the requirements of Rule 23 and of constitutional due process, and is the best notice practicable under the circumstances. The Court directs that prior to the mailing of the Notice that the Settlement Administrator complete the Notice, as necessary and consistent with the timing provisions of this Order and the Settlement Agreement, so that Settlement Class Members are apprised of relevant deadlines in a Month, Day, Year format.

7. Within thirty (30) days of the entry of this Order, and after finalization of the list of the members of the Settlement Class, the Settlement Administrator shall send a copy of the Notice via first class U.S. mail to members of the Settlement Class. By that same date, the Settlement Administrator shall also post the Notice, this Order, the Settlement Agreement and other agreed upon documents to the settlement internet website.

8. The Settlement Administrator shall file an affidavit with the Court attesting that it has complied with Paragraph 7 of this Order within ten (10) business days of such compliance.

**C. Right to Opt-Out**

9. Any member of the Settlement Class may request to be excluded from the Settlement and Settlement Class. To be excluded, the Settlement Class Member must comply with the procedure set forth in the approved Notice, including sending a letter that contains all of the following:

- Settlement Class Member name, current address, and phone number;

- The names and current addresses of any co-owners of the Affected Property;

- The name of the lawsuit, *McGaffin et. al. v. Argos USA LLC*, No. 4:16-cv-00104-LGW-GRS;

- A clear and unqualified statement specifying your request to be excluded from the Class; and

- Settlement Class Member's signature or the Legally Authorized Representative of the Class Member

That request must be in writing and mailed or delivered to the Settlement Administrator:

> ARGOS 868 LITIGATION
> C/O RUST CONSULTING INC. - 6919
> PO BOX 44
> MINNEAPOLIS, MN 55440-0044

The request for exclusion must be postmarked no later than the date set forth in the Notice for requesting exclusion. Settlement Class Members who validly and timely request to be excluded in accordance with this Order will thereafter be excluded from the Settlement Class and the Settlement, will not receive any benefits of the Settlement and will not be bound by the Settlement or the dismissal of the Action pursuant to the Settlement. If a request for exclusion does not comply with all of the provisions of this Order, then it shall not be effective and the person submitting such an ineffective request shall for all purposes be deemed a member of the Settlement Class.

10. At or before the Fairness Hearing, the Settlement Administrator shall file with the Court a declaration identifying those Settlement Class Members from whom valid and timely requests for exclusion were received. If the Settlement is approved by the Court, Settlement Class Members who have not validly and timely requested exclusion from the Settlement Class will be

bound by all terms of the Settlement, the dismissal of the action and all other orders or actions of the Court affecting the Settlement Class, whether or not the Settlement Class Member has objected to the Settlement.

### D. Right to Participate, Comment or Object

11. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, through counsel of his/her choice. Until and unless they enter such an appearance, all Settlement Class Members are represented by Class Counsel.

12. Any Settlement Class Member who wishes to object to any term of the proposed Settlement must file with the Court a written objection. Such objection must comply with the procedure set forth in the approved Notice. A Settlement Class Member who objects to the Settlement may, but need not, retain counsel and enter an appearance through counsel, all at the Settlement Class Member's own expense. All objections to the Settlement must be filed with and received by the Clerk of United States District Court, Southern District of Georgia, Savannah Division, 125 Bull Street, Savannah, Georgia 31401; mailed to Settlement Administrator; and mailed to the attorneys at the addresses as set forth below. Such objections must be postmarked no later than the date set forth in the notice for filing objections. Objections must be served upon Class Counsel at:

> Wade H. Tomlinson
> Pope McGlamry, P.C.
> 3391 Peachtree Road, NE, Suite 300
> Atlanta, GA 30326
>
> R. Trent Taylor
> McGuireWoods LLP
> Gateway Plaza
> 800 Canal Street
> Richmond, Virginia 23219

13. In order to be a proper, valid and effective objection, an objection <u>shall</u> contain all of the following:

- The objector's full name, address, and telephone number;
- The objector's name, address, and telephone number of your attorney (if any);
- The factual and legal grounds for the objection(s);
- A statement indicating whether or not you intend to speak at the Settlement Fairness Hearing, which must also include information described more fully below;
- Evidence of the objector's membership in the Class;
- The objector's signature or the signature of a legally authorized representative of the objector;
- The signature of the objector's attorney (if any);
- The case name and case number (*McGaffin et al. v. Argos USA LLC*, No. 4:16-cv-00104-LGW-GRS); and
- A specific list of any other objection made by the objector, as well as made by the objector's attorney (if any), to any class action submitted to any court in the United States in the previous five years.

If a Class Member is represented by an attorney, he/she must provide the name, address, bar number and telephone number of the objecting Class Member's counsel. The attorney must comply with all applicable laws and rules for filing pleadings and documents in this Court.

If an objecting Class Member (or his/her attorney) wants to appear and speak at the Fairness Hearing, a Notice of Intent to Object must contain a detailed statement of the specific legal and factual basis for each and every objection; and a detailed description of any and all evidence the objector may offer at the Fairness Hearing, including photocopies of any and all exhibits which

7

the objector may introduce at the Fairness Hearing, and the names and addresses of any witnesses expected to testify. All objectors shall make themselves available to be deposed by any Party in the county of the objector's residence within fourteen (14) days of service of his, her, or its timely written objection.

14. Settlement Class Members who do not timely object in compliance with this Order and the approved Notice waive all objections to the Settlement and will not be allowed to object at the Fairness Hearing or have any right to appeal any final approval of the Settlement.

15. Settlement Class Members may not object to the Settlement if they have excluded themselves from the Settlement Class as described in Paragraphs 9 and 10 above. Settlement Class members may not exclude themselves after the deadline specified above whether or not they have objected to the Settlement.

16. Settlement Class Members who want to receive monetary payment from the Settlement Fund shall deposit/cash the check received from the Settlement Administrator no later than 150 days from the date issued. After that time, the checks will be void. Any Settlement Class Member that does not timely deposit/cash their check shall not be entitled to any proceeds from the Settlement Fund.

### E. Final Fairness Hearing and Briefing Schedule

17. The Final Fairness Hearing shall be held at **1:30 p.m. on Thursday, June 25, 2020**, at the United States District Court, Southern District of Georgia, First Floor Courtroom, 125 Bull Street, Savannah, Georgia.

18. No later than the ten days prior to the Fairness Hearing, the Settlement Class/Class Counsel shall file a Motion for Final Approval of the Settlement with a supporting Brief and other materials.

19. No later than ten days prior to the Fairness Hearing, the Settlement Class/Class Counsel shall file a Motion for any class representative/named plaintiffs incentive awards. Argos has agreed not to object to any request for an incentive award not exceeding $25,000.00 per named class representative.

20. No later than ten days prior to the Fairness Hearing, the Settlement Class/Class Counsel may file a Motion seeking fees, costs and expenses relating to any of the claims, counts, allegations or causes of action asserted in the Complaint. Argos has agreed not to object to any request for attorney's fees and expenses not exceeding $3,500,000.00 or 35% of the Total Settlement Value, whichever is greater.

21. The Motions filed by Plaintiffs described in paragraphs 18-20 shall be posted to the settlement website within five business days of filing.

**F.    Other Provisions**

22. This Order is intended to be consistent with the provisions of the Settlement Agreement and the Settlement Agreement is incorporated herein. The Court retains exclusive jurisdiction over the action to consider and resolve all matters arising out of or connected with the Settlement.

23. The Court stays any further discovery in this Action.

24. The Court enjoins any further actions by or on behalf of Settlement Class Members relating to the subject matter of the Settlement Agreement, pending the Fairness Hearing.

25. The Settlement Administrator will complete the Notice attached hereto as Exhibit A, as necessary, to provide the address for the website concerning the Settlement, the automated toll free number to answer frequently asked questions, the Settlement Administrator's address, and any other pertinent information, including dates.

26. In the event that the Settlement does not receive Final Approval as defined in the Settlement Agreement, or the Settlement Agreement is terminated for any other reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement, including this Order, shall become null and void and of no further force and effect;

(b) The Settlement, Settlement Agreement and all drafts, negotiations, discussions, and documentation relating thereto shall become null and void, and shall not be offered or received in evidence, or used or referred to for any purpose, in this action or in any other proceeding;

(c) The parties shall be restored to their respective positions as they existed immediately before execution of the Settlement Agreement. In such case, Plaintiffs shall be free to pursue any available claim, and the Defendant shall be free to assert any available claims or defenses; and

(d) The action shall otherwise proceed as further ordered by the Court.

**SO ORDERED**, this 24th day of March, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA