# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JIM McGAFFIN; BECKY McGAFFIN; DANIEL NUNN; and STEFANIE NUNN,<br><br>*Plaintiffs,*<br><br>v.<br><br>ARGOS USA, LLC,<br><br>*Defendant.* | Civil Action File No.:<br><br>4:16-cv-00104-RSB-BKE |

## **DECLARATION OF MICHAEL A. CAPLAN**

State of GEORGIA

County of DEKALB

1. My name is Michael A. Caplan. I am over 18 years of age. I make this Declaration in DeKalb County, Georgia, and pursuant to 28 U.S.C. § 1746.

2. I am suffering under no disabilities and am legally competent to make this declaration. This declaration is based on my personal knowledge.

3. I submit this declaration in support of Plaintiffs' Unopposed Motions and Briefs for Final Approval of Settlement, and for Award of Attorneys' Fees, Costs and Expenses.

4. I am a founding partner of the law firm Caplan Cobb LLP ("Caplan Cobb") in Atlanta, Georgia.

5. I am a member of the Bar of this Court, the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, several other United States District Courts, the Georgia Supreme Court, the Georgia Court of Appeals, several other courts, and the State Bar of Georgia.

1

6. I am a *magna cum laude* graduate of the University of Georgia School of Law, where I was an editor of the *Georgia Law Review* and was inducted into the Order of the Coif and Order of the Barristers. I also received an M.B.A. and B.A. from the University of Georgia. I received my law degree in 2006.

7. Prior to private practice, I served as a law clerk to the Honorable Richard W. Story, United States District Judge, Northern District of Georgia. Since concluding my clerkship, I have continuously engaged in the practice of law throughout Georgia. Prior to founding Caplan Cobb, I practiced law at the law firm Bondurant Mixson & Elmore LLP.

*Class Litigation Experience*

8. My law practice is devoted principally to complex trial and appellate litigation, including class actions. I have devoted a substantial percentage of my professional career to class action practice. I describe below several representative examples of cases in which I served or presently serve as class counsel.

9. I served as class counsel in *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, Civil Action No. 1:04-cv-3066-JEC (N.D.G.A.) (Carnes, J.), in which the Court certified a nationwide class of insulation contractors pursuing claims under the Sherman Act for alleged price-fixing in the sale of insulation. The case was litigated over the course of over five years and involved complex issues of liability, economics, and expert proof. Two days before trial, we settled the case against the last defendant for $75 million. In total, we recovered $112.5 million in compensation on behalf of the class, one of the largest class recoveries in the Northern District of Georgia.

10. I served as class counsel in *Flournoy v. State*, File No. 2009CV178947 (Fulton Cnty. Sup. Ct.), in which the Fulton County Superior Court certified a statewide class of indigent

defendants bringing civil rights claims pursuant to 42 U.S.C. § 1983. *Flournoy* also involved a contested class certification process. After the Court granted class certification and several days before the class trial, the State of Georgia agreed to systemic reforms to Georgia's system for appellate indigent defense. As a result of my work in *Flournoy*, the Southern Center for Human Rights honored me with the Gideon's Promise Award.

11. Along with the late Jeffrey O. Bramlett, I served as class counsel in *Kenny A. v. Perdue*, Civil Action 1:02-cv-01686 (N.D.G.A.) (Shoob, J.), a civil rights class action brought on behalf of a class of Georgia foster children. *Kenny A.* led to sweeping reforms of the foster care systems in Fulton and DeKalb Counties. My primary involvement in the case concerned enforcement of the Court's classwide consent decree and contested litigation over the Plaintiffs' right to recovery attorneys' fees. The attorneys' fees issues were ultimately resolved in the United States Supreme Court. *See Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

12. I served as class counsel in *Adams v. Sentinel Offender Services, LLC*, Civil Action No. 1:17-cv-02813-SCJ (N.D.G.A.) (Jones, J.), a civil rights class action alleging that a private probation company collected unauthorized fees to Georgia probationers. In 2018, we obtained final approval of a favorable class settlement involving the return of fees to class members and attorneys' fees.

13. I also served as co-lead counsel to the class in *Wood v. Unified Government of Athens-Clarke County*, Civil Action No. 3:14-CV-00043-CDL (M.D.G.A.) (Land, J.), a class action on behalf of retirees of the Unified Government of Athens-Clarke County pursuing claims for breach of contract. After the district court partially dismissed the action, our firm successfully obtained a certificate of immediate review and obtained reversal of the district court's partial dismissal order. *See Wood v. Unified Gov't of Athens-Clarke Cnty.*, 818 F.3d 1244 (11th Cir.

2016). After competing motions for summary judgment, the Court held as matter of law that the parties entered into a contract for retirement benefits. Following additional litigation, we successfully resolved the claims of the class members, which involved a combination of retrospective monetary benefits and prospective relief for the class. The Court awarded our firm and co-counsel a 33 1/3% fee for our work successfully representing the class in that case.

14. I am presently serving as court-appointed Liaison Counsel in *In re Acuity Brands, Inc.*, 1:18-cv-02140 (N.D.G.A.), a federal securities fraud class action pending in the Northern District of Georgia on behalf of a nationwide class of shareholders of Acuity Brands, Inc., as well as putative lead class counsel in *Githieya, et al v. Global Tel\*Link Corp.*, Case No. 1:15-cv-00986-AT, a consumer class action pending in the Northern District of Georgia on behalf of a nationwide class of prepaid telephone services account holders, among other matters.

15. Prior to founding Caplan Cobb, I provided counsel in numerous other class actions while practicing at Bondurant, Mixson & Elmore, including class actions involving antitrust, consumer rights, breach of warranties, employment-related issues, and civil rights.

16. I have also, on occasion, represented defendants in class litigation. For example, I represented Navigant Consulting, Inc., a publicly-traded consulting firm, in defense of a class action brought in Fulton County Superior Court. *See Mitchell v. Piedmont West Ambulatory Surgery Center, et al.*, Civil Action No. 2014cv254154 (Fulton County Sup. Ct.). The case settlement involved certification of a settlement class and related class notice and claims disbursement. Likewise, I served as defense counsel in *Owens v. Metropolitan Life Insurance Co.*, Civil Action No. 2:14-CV-00094-RWS, in defense of a class action brought under ERISA relating to the payment of death benefits under life insurance policies. Following settlement, the Court approved a 33 1/3% attorneys' fee for Class Counsel in that case.

*Other Relevant Experience*

17. Apart from my class action practice, I have served as lead counsel in a variety of other relevant complex litigation in both state and federal courts involving antitrust, breach of contract, telecommunications, and related claims.

18. Finally, I have written and lectured at continuing legal education seminars on a variety of topics, including class actions, ethics and professionalism, civil rights issues, and attorney's fees.

19. In my law practice, I have had occasion to hear sworn testimony and to review itemized billing statements for fees and expenses submitted by lawyers in connection with civil litigation involving claims for the recovery of legal fees and expenses and services rendered by lawyers as expert witnesses on the subject of attorney's fees. I have reviewed invoices submitted to clients for fees and costs at various dates by many law firms and have also researched hourly rates charged by attorneys that is publicly available.

*Review of the Services Performed in this Matter*

20. I have reviewed the following materials from this case:

- Amended Class Action Complaint, filed 7/21/16 (ECF No. 23)

- Second Amended Class Action Complaint, filed 3/18/20 (ECF No. 196)

- Plaintiffs' Unopposed Motion and Supporting Brief for Preliminary Approval of Class Settlement and Conditional Class Certification, filed 3/20/20 (ECF No. 197)

- Order Preliminarily Approving Class Action Settlement and Conditionally Certifying Settlement Class, filed 3/24/20 (ECF No. 198)

- Order re: Argos Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint, filed 1/13/17 (ECF No. 44)

- Order re: Argos Defendants' Motion for Partial Reconsideration of the Order Granting In Part and Denying In Part Argos Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint, filed 4/6/17 (ECF No. 55)

- Plaintiffs' Motion for Class Certification, filed 1/29/18 (ECF No. 66) (Unredacted)

- Argos Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification, filed 2/28/18 (ECF No. 82) (Unredacted)

- Plaintiffs' Reply in Support of Their Motion for Class Certification, filed 3/30/18 (ECF No. 107) (Unredacted)

- Argos Defendants' Sur-Reply In Opposition to Plaintiffs' Motion for Class Certification, filed 4/13/18 (ECF No. 121) (Unredacted)

- Order re Plaintiffs' Motion for Class Certification, filed 8/30/19 (ECF No. 178) (Unredacted)

- Motion to Exclude Opinion of Allen M. Chung, filed 2/28/18 (ECF No. 79)

- Plaintiffs' Response in Opposition to Defendants' Motion to Exclude Opinion of Allen M. Chung, filed 3/30/18 (ECF No. 106) (Unredacted)

- Reply in Support of Motion to Exclude Opinion of Allen M. Chung, filed 4/13/18 (ECF No. 120)

- Plaintiffs' Motion to Exclude Opinion of Mark A. Rhodes, filed 3/30/18 (ECF No. 111) (Unredacted)

- Argos Defendants' Opposition to Plaintiffs' Motion to Exclude Opinion of Mark A. Rhodes, filed 4/23/18 (ECF No. 127) (Unredacted)

- Plaintiffs' Reply in Support of Motion to Exclude Opinion of Mark A. Rhodes, filed 5/7/18 (ECF No. 138)

- Plaintiffs' Motion to Exclude Certain Opinions of Keith R. Ugone, filed 3/30/18 (ECF No. 108) (Unredacted)

- Argos Defendants' Opposition to Plaintiffs' Motion to Exclude Certain Opinions of Keith R. Ugone, filed 4/23/18 (ECF No. 128) (Unredacted)

- Plaintiffs' Reply in Support of Motion to Exclude Certain Opinions of Dr. Keith R. Ugone, filed 5/7/18 (ECF No. 137)

- Motion to Exclude Opinion of Brian J. Wolfe, filed 2/28/18 (ECF No. 80) (Unredacted)

- Plaintiffs' Response in Opposition to Defendants' Motion to Exclude Opinion of

> Brian J. Wolfe, filed 3/30/18 (ECF No. 109) (Unredacted)

- Reply in Support of Motion to Exclude Opinion of Brian J. Wolfe, filed 4/13/18 (ECF No. 119) (Unredacted)

- Defendants' Petition for Permission to Appeal, filed 9/13/19 (Unredacted)

- Respondents' Answer in Opposition to the Petition for Permission to Appeal Under Fed. R. Civ. P. 23(f), filed 9/23/19 (Unredacted)

- Defendants-Petitioners' Motion for Leave to File a Reply In Support of Their Petition for Permission to Appeal Under Fed. R. Civ. P. 23(f), filed 10/4/19 (Unredacted)

- Docket Report of *Argos et al. v. McGaffin et. al*, 11th Circuit, Case No. 19-90016

- Docket Report of *McGaffin et al. v. Argos USA LLC,* SDGA, Case No. 4:16-cv-104

- Class Member Property Spreadsheet

- Sample Delivery Ticket

- Settlement Agreement

- Notice to Class Members

- Pope McGlamry's and Moss & Gilmore's Timesheets

- Pope McGlamry's and Moss & Gilmore's General Ledgers

21. I have also reviewed Plaintiffs' Unopposed Motion and Supporting Brief for Final Approval of Class Settlement; Plaintiffs' Unopposed Motion and Supporting Brief for an Award of Attorneys' Fees, Costs, and Expenses for Class Counsel; and the declarations of Wade H. Tomlinson, III, Raymond L. Moss, and Rick Edwards.

22. I have also interviewed Michael J. Moore regarding the history of the litigation and the negotiations that led to the March 12, 2020 settlement with Argos, and other work that was done by Class Counsel. My interview of Mr. Moore further substantiated my opinion of

reasonableness.

*Review of Other Materials Relating to the Market for Attorneys' Fees*

23. As a class action practitioner in Georgia, I am generally familiar with the caselaw governing requests for attorneys' fees in class actions. As set forth above, I am also generally familiar with the rates charged by law firms who invoice clients on a 30-90 day billing cycle.

24. As a part of developing my opinion in this matter, I also reviewed Chief Judge Thomas W. Thrash Jr.'s Amended Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses, and Service Awards in *In re Equifax Inc. Customer Data Security Breach Lit.*, Case No. 1:17-md-2800-TWT, 2020 WL 256132 at *39-40 (N.D. Ga. Mar. 3, 2020), and the Chart of Hourly Rates by Time Keeper (Exhibit E) that was submitted with Class Counsel's Supplemental Declaration in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards to the Class Representatives. *See In re Equifax Inc.*, ECF No. 851-1 at pp. 85-87. Judge Thrash found Class Counsel's hourly rates which ranged from $400-$1,050 for partners, $400-$742 for associates, and $137.50 to $325 for paralegals "reasonable and well supported." *In re Equifax Inc.*, 2020 WL 256132 at *39-40. Additionally, he specifically found the hourly rates charged by Roy Barnes ($1,050), Ken Canfield ($1,000), Normal Siegel ($935), and Amy Keller ($750) "reasonable and well supported." *Id*.

25. I have also reviewed the Declaration from Harold T. Daniel Jr. in *In re: Equifax Inc.*, filed in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards to the Class Representatives. *See In re Equifax Inc.*, ECF No. 853. I am familiar with Hal Daniels' reputation for creditworthiness and extensive experience representing clients in complex litigation in and outside of Atlanta, Georgia. In his declaration, Mr. Daniel summarizes a survey by the National Law Journal "NLJ" that reported hourly rates for law firms in 2016 and 2017. *Id.* at ¶

8

12. He noted that in the 2016 NLJ survey that partner rates at King & Spalding ranged from $810 to $1,250, or an average of $925. *Id.* "In 2017, partner rates at King & Spalding were reported by the NLJ to range from between $775 and $1,435, or an average of $1,000. Associate rates at King & Spalding in 2016 were reported to range between $400 and $600, with an average of $530, and in 2017 to range between $525 and $790 with an average of $525." *Id.*

26. Based upon Mr. Daniel's research, he prepared a chart showing reasonable hourly rates being charged for services of attorneys and paralegals in the Atlanta, Georgia area in 2019 at firms of the type that large handle complex litigation. *Id.* at ¶ 13. He noted that the rates are not the highest or lowest rates charged in Atlanta, but instead reflect a typical range. *Id.* His 2019 rates were as follows:

| Role | Rate |
| --- | --- |
| Paralegal | $300 |
| Junior Associate (1-5 years) | $400 |
| Senior Associate (5+ years) | $525 |
| Partner/Counsel (0-5 years) | $575 |
| Partner/Counsel (5-10 years) | $650 |
| Partner/Counsel (10-20 years) | $750 |
| Partner/Counsel (20-30 years) | $850 |
| Partner/Counsel (30+ years) | $1,050 |

*Id.* at pg. 31.

### *The Legal Team*

27. The legal team for the Class Members in this action includes some of the leading class action lawyers in the United States. Pope McGlamry is among the most well regarded and most sought-after law firms within the plaintiffs' class action bar and regularly serve in leadership

positions in class action MDLs. Specifically, this litigation was led by Wade "Trip" Tomlinson who has developed a national reputation in class action litigation. Pope McGlamry and Moss & Gilmore have displayed their high level of skill and experience in achieving an excellent result in this case as described in their Unopposed Motion and Supporting Brief for an Award of Attorneys' Fees, Costs, and Expenses for Class Counsel.

*Relevant Standard*

28.   In forming my opinions on this matter, I considered each of the factors to be considered in determining the reasonableness of a fee. *See, e.g.*, *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991); *Johnson Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); Georgia Rules of Professional Conduct 1.5.

*The Percentage of the Fund*

29.   I understand from my review of the documents set forth above and the information provided by Class Counsel that the total settlement value is $10.02 million consisting of the following: (1) payment of $6.7 million in cash paid into the Settlement Fund by Argos, $100,000 of which was separately negotiated as $25,000 incentive awards to each Named Class Representative; (2) up to $320,000 for the cost of Notice and Administration of the Settlement that Argos will pay; and (3) injunctive relief that Argos will undertake as a result of this settlement, and credit related to Removal and Replacement already performed by Argos or at its expense, collectively valued at approximately $3 million. I further understand that Argos agreed not to object to any request for attorneys' fees and expenses not exceeding $3.5 million or 35% of the Total Settlement Value, whichever is greater. The requested award of attorneys' fees and expenses is 35% of the Total Settlement Value and includes approximately $297,759.15 in expenses

advanced by Class Counsel without guarantee of reimbursement. Therefore, while the combined request is for 35% of the total recovery, after expenses and costs are subtracted, the fee itself represents 32.01% of the settlement value. In my opinion, this requested percentage of the settlement value is reasonable in light of the quality of legal services delivered by Class Counsel, the complexity of the factual investigation and legal issues, the risks attendant to accepting this representation on a purely contingent basis, and the excellent results obtained for the Class. Class Counsel took considerable risk in an area of unsettled law involving real property, and Class Counsel demonstrated exemplary skill in their handling of this litigation. Further, the fee is consistent with Eleventh Circuit precedent, which provides "an upper limit of 50% of the fund". *Camden I*, 946 F.2d at 774-75. *See Waters v. Cooks Pest Control*, No. 2:07-cv-00394-LSC, 2012 WL 2923542 at \*16 (N.D. Ala. July 17, 2012) (awarding 35% of the fund as reasonable); *Faircloth v. Certified Finance Inc.* No. Civ. A. 99-3097, 2001 WL 527489 (E.D. La. May 16, 2001) (awarding attorneys' fees in the amount of 35% of the settlement value plus interest and reimbursement of expenses). I also note that the requested percentage of fees is reasonable because, as I understand from information provided by Class Counsel, the average class member will receive approximately $20,000 in settlement funds, and some class members may receive more than $87,000.

*Lodestar Check*

30. I have also reviewed the hourly rates proposed by Class Counsel to be considered as a part of the "lodestar check" in connection with their request for attorneys' fees. In my opinion, Class Counsel's proposed rates for consideration as a part of the "lodestar check" are reasonable and in line with the rates charged by other attorneys in Georgia of comparable reputation and experience. The rates proposed by Class Counsel are justifiably within the top 10-25% of the

range of hourly rates charged by Georgia practitioners. I also note that these rates are not the highest rates being charged by lawyers of comparable experience and reputation in Georgia in 2020, which further supports their reasonableness. I also note that, by my calculation, even if Class Counsel's rates were discounted by 25%, the total lodestar calculation would still be in excess of the requested attorneys' fee.

31. I understand that Class Counsel have spent approximately 8,056.2 hours in their efforts in filing, litigating, and settling this case and will continue to spend additional time to administer the settlement. Extensive motions practice occurred prior to discovery, Class Counsel also reviewed thousands of documents, served subpoenas on approximately 36 non-party builders and concrete finishers, took and defended approximately 24 depositions throughout the Southeast United States, tested the concrete and dust at the Class Representatives homes, retained and deposed experts, and have fully briefed issues on appeal in the Eleventh Circuit Court of Appeals. The extensive work performed is justified and reasonable in light of the complex and complicated legal issues and defenses.

*Expenses*

32. It is also my opinion that Class Counsel reasonably and necessarily incurred the requested $297,759.15 in expenses. These expenses include, among other things, court reporter fees, deposition transcripts, concrete testing performed by experts, dust sampling by experts, an electronic discovery hosting database, document reproduction, expert and consultant witness fees, travel for meetings, hearings, and depositions, mediation costs, research, copying, and other customary expenses. These costs are typical of complex class action suits and are consistent with what I would expect to see in litigation of this size and scope.

*Summary of Opinions*

33. Based upon all of the above, my opinions in this case are as follows: the requested fee represents a reasonable fee as a percentage of the common benefit to the class; the proposed hourly rates reported by Class Counsel are reasonable; the time devoted to this case by Class Counsel was reasonable; the requested fee is reasonable under a lodestar cross-check; and the expenses for which Class Counsel seeks reimbursement are reasonable.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2020.

/s/ *Michael A. Caplan*
Michael A. Caplan